Anthony J. Diana
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
adiana@mayerbrown.com
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

*Attorney for Plaintiff*
*AT&T Mobility LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>          Plaintiff,<br><br>v.<br><br>JAVIER HIDALGO, CHRISTOPHER MARLBOROUGH, and HELEN LUCIANO,<br><br>          Defendants. | Case No. 2:11-cv-03907-SJF-AKT<br><br>**DECLARATION OF KEVIN RANLETT** |

I, Kevin Ranlett, hereby declare as follows:

1. I am an attorney with the law firm Mayer Brown LLP.

2. The following facts are of my own personal knowledge, and if called as a witness, I could and would testify competently as to their truth.

3. On September 5, 2011, I visited the web page at http://www.att.com/gen/press-room?pid=20404&cdvn=news&newsarticleid=32231&mapcode=financial. A true and correct printout of the AT&T press release on that web page is attached as Exhibit 1.

4. On September 5, 2011, I visited the web page at http://www.wireless.att.com/coverageviewer/#?type=voice. A true and correct printout of the AT&T coverage map on that web page is attached as Exhibit 2.

5. On September 5, 2011, I visited the web page at http://www.fightthemerger.com/rights/. A true and correct printout of that web page is attached as Exhibit 3.

6. On September 5, 2011, I visited the web page at http://www.fightthemerger.com/. A true and correct printout of that web page is attached as Exhibit 4.

7. On July 21 and 22, 2011, the law firms of Bursor & Fisher, P.A. ("Bursor"); Faruqi & Faruqi LLP ("Faruqi"); and Thornton, Davis & Fein, P.A. filed 26 Demands for Arbitration against AT&T Mobility LLC ("ATTM") and AT&T Inc. with the American Arbitration Association ("AAA") . Among those Demands were ones filed in the names of the defendants in this action: Javier Hidalgo, Christopher Marlborough, and Helen Luciano.

8. Each Demand is substantively identical and includes the same attachments. The only differences between the Demands are the names and addresses provided for the different ATTM customers who are claimants in the respective arbitrations. A true and correct printout of the service copy of the Demand filed in the name of Shane Bushman is attached as Exhibit 5.

9. Of the 26 claimants, 13 appear to be either attorneys at Faruqi or individuals who have served in the past as named plaintiffs in class actions brought by Bursor or Faruqi.

10. Specifically, of the 26 claimants who have filed essentially identical demands, based on their names and the addresses provided in the Demands, defendant Chris Marlborough, as well as Emily Komlossy, Juan Monteverde, Richard Gonnello, Beth Keller, and Sandra Smith, appear to be Faruqi attorneys. On September 6, 2011, I visited the web site of the Faruqi firm (at http://www.faruqilaw.com/firm.php), clicked on the link marked "Attorneys," and used the search form to locate the online biographies of those individuals. True and correct printouts of those web pages are attached as Exhibits 6-11.

11. In addition, Alexis Justak, Leslie Bernardi, Richard Colosimo, Jared Pope, Leaf O'Neal, Alexis Ubiera, and Astrid Mendoza are plaintiffs who have been represented by Bursor or Faruqi in prior class or collective actions.

12. Alexis Justak is a named plaintiff in a consumer class action handled by Bursor and Faruqi against the food producer, ConAgra Foods. *See Scarpelli v. ConAgra Foods, Inc.*, No. 2:11-cv-04038 (D.N.J. filed July 14, 2011). A copy of the complaint in that action, which I downloaded using the court's PACER system on September 6, 2011, is attached as Exhibit 12.

13. Bursor and Faruqi represented Richard Colosimo, a former Faruqi attorney, in a 2010 consumer class action against ATTM. *See Colosimo v. AT&T*, No. 2:10-cv-01495 (D.N.J. filed March 24, 2010). A copy of the complaint in that action, which I downloaded using the court's PACER system on September 6, 2011, is attached as Exhibit 13.

14. Faruqi also represented Leaf O'Neal and Jared Pope in a Fair Labor Standards Act collective action against the health club, Club Fit. *See Bazzini et al. v. Club Fit Mgmt., Inc.*, No. 1:08-cv-04530 (S.D.N.Y. 2008). Copies of Mr. O'Neal's and Mr. Pope's consents to sue under the Fair Labor Standards Act, which I downloaded using the court's PACER system on September 6, 2011, are attached as Exhibits 14-15.

15. Currently, Faruqi represents O'Neal and Alexis Ubiera in a separate FLSA action against three sports club operators for unpaid wages. *See O'Neal et al. v. Frem Group, L.P. et al*, No. 7:11-cv-02633 (S.D.N.Y. filed April 18, 2011). A copy of the complaint in that action, which I downloaded using the court's PACER system on September 6, 2011, is attached as Exhibit 16.

16. Leslie Bernardi, represented by Faruqi, and Astrid Mendoza, represented by Bursor, were class representatives in two class actions against ATTM and Cingular Wireless.

3

*See Meoli, et al. v. AT&T Wireless PCS, LLC, et al.*, No. RG 03086113 (Cal. Super. Ct. 2008); *Mendoza, et al. v. Cingular Wireless LLC, et al.*, No. RG 03114152 (Cal. Super. Ct. 2008). Attached as Exhibits 17-18 are copies of the fourth amended complaints in those actions, which counsel for plaintiffs served on Mayer Brown. Although the complaint in the *Meoli* action refers to Leslie Bernardi as Leslie Armstrong, Ms. Bernardi's declaration in that case (attached as Exhibit 19) confirms that Leslie Armstrong is her maiden name.

17. After the filing of these 26 Demands, the parties each sent several letters to the AAA via email regarding the applicability of the AAA's Class Arbitration Policy. A copy of that Policy (printed on September 5, 2011 from the AAA's web page at http://www.adr.org/Classarbitrationpolicy) is attached as Exhibit 20. Those letters are attached (in chronological order) as Exhibits 21-26.

18. On August 4, 2011, the AAA sent letters to the parties stating that the AAA would accept 24 of the Demands for administration. Copies of those letters accepting the Demands filed by the defendants in this action are attached as Exhibits 27-29. Sample letters accepting Demands filed by other claimants are attached as Exhibits 30-34.

19. Since August 4, 2011, Bursor has filed many more Demands. As of September 2, 2011, 977 such Demands have been filed. The Demands filed after August 4, 2011 differ from the earlier ones in only minor respects. For example, although the earlier Demands stated that the Regular Track Procedures of the AAA's Wireless Industry Association Rules apply, the Demands filed after August 4, 2011 state that the Supplementary Procedures for Consumer Related Disputes apply. In addition, the Demands filed after August 4, 2011 allege that ATTM declined the claimant's request to pay the AAA filing fee for the Demand and request that ATTM be ordered to pay the fee and other costs of arbitration.

20. On August 23, 2011, a AAA case manager held a telephonic administrative conference with counsel for the parties in the 24 arbitrations that were accepted for administration. A transcript of that conference is attached as Exhibit 35, A true and correct printout of an August 23, 2011 email concerning that conference from the case manager to counsel for the parties is attached as Exhibit 36.

21. On September 5, 2011, I visited the web page at http://www.adr.org/si.asp?id=6447. A true and correct printout of the AAA Commercial Arbitration and Mediation Procedures from that web page is attached as Exhibit 37.

22. On September 5, 2011, I visited the web page at http://www.adr.org/sp.asp?id=22014. A true and correct printout of the AAA Supplementary Procedures for Consumer Related Disputes from that web page is attached as Exhibit 38.

23. A true and correct copy of a transcript of the September 8, 2011 hearing in *Bursor & Fisher, P.A. v. Federal Communications Commission*, No. 11 Civ. 5457 (LAK) (S.D.N.Y.), is attached as Exhibit 39.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 12, 2011, at Washington, D.C.

Kevin Ranlett