**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>                                  Plaintiff,<br><br>     v.<br><br>JAVIER HIDALGO, CHRISTOPHER<br>MARLBOROUGH, and HELEN LUCIANO,<br><br>                                  Defendants. | Civil Action No. 2:11-cv-03907-SJF-AKT |

<u>**DEFENDANTS' NOTICE OF FCC ORDER**</u>

AT&T's pending motion for preliminary injunction, Memorandum Of Law In Support of Plaintiff AT&T Mobility LLC's Motion For Preliminary Injunction (Dkt. No. 11), makes reference to an application seeking the FCC's approval of AT&T's proposed acquisition of T-Mobile, USA, Inc. ("T-Mobile"):

> "[T]he merger requires the FCC's approval, because the Commission must approve the transfer and acquisition of federally issued licenses.  AT&T Inc. and Deutsche Telekom have therefore filed an application seeking the FCC's approval of the merger. The standard applied by the Commission – whether the merger serves "the public interest, convenience and necessity" – is guided by a "deeply rooted preference for preserving and enhancing competition in relevant markets."
>
> The FCC proceedings, which are ongoing, thus also encompass an intensive and comprehensive evaluation of the issues presented by the merger – including competition issues."

*Id.* at 5 (citations omitted).

AT&T also argued that Defendants' arbitration demands were premature, and should be enjoined, to prevent the arbitration claimants from "try[ing] to beat the FCC to the punch":

> "[T]he FCC plays an enormously significant role in reviewing the merger. The FCC's work – which is taking place in an open, transparent way – is aimed at ensuring that the public interest is served. And, as discussed above (*see* Part II, *supra*), the FCC is conducting extensive proceedings and reviewing an enormous amount of evidence. Just as – in the context of private litigation – no "court should try to beat the FCC to the punch" (*S. Austin Coal. Cmty. Council*, 191 F.3d at 844), Defendants should not be permitted to do so through arbitration."

*Id.* at 34 (Dkt. No. 11).

On November 23, 2011, AT&T hastily withdrew all applications concerning the merger that had been pending at the FCC. AT&T did so in an effort to avoid an unfavorable ruling after it learned of the circulation within the FCC of a draft order. That effort failed.

On November 29, 2011, the FCC issued an Order granting AT&T's request to withdraw the applications without prejudice. The FCC appended to the Order a 111-page report titled "Staff Analysis and Findings," which details the FCC staff's evaluation of the proposed merger. The Order explains that the decision to release the FCC staff's analysis was made, in part, because AT&T has not abandoned the proposed transaction.

The FCC's November 29, 2011 Order is attached hereto as **Exhibit 1**. The key finding of the Order is set forth in paragraph 3:

> "Based on the analysis of the Applicants' submissions, the Petitions to Deny, and the other comments and information received into the administrative record, the staff concludes that AT&T's proposed acquisition of T-Mobile raises serious concerns and the Applicants have failed to satisfy their burden of demonstrating that the transaction is in the public interest. In the report, the staff finds that the transaction, which would result in the top two wireless providers having a market share of approximately 75%, would substantially lessen competition and its accompanying innovation, investment, and consumer prices and service benefits, thus undermining key goals of the Communications Act."

The FCC Staff Analysis and Findings appended to the November 29, 2011 Order is attached hereto as **Exhibit 2**.

The November 29, 2011 Statement of Commissioner Michael J. Copps is attached hereto as **Exhibit 3**. Commissioner Copps noted a particular concern with AT&T's apparent gamesmanship in attempting to withdraw its application just ahead of an adverse decision:

> "While I welcome withdrawal of this application, I would like to think we will no longer be expending significant FCC resources to examine this paradigm-shifting and complex transaction. I would hope the withdrawal is not a strategic gambit along the road to resubmission of this or a similar application in the months ahead. That would not strike me as a good route to travel. The significant resources the Commission has spent over these last seven months analyzing this proposed acquisition – and so many other consolidations that have come our way during my ten years here – would have been much better spent furthering the goals of competition, consumer protection and the public interest."

In light of AT&T's strategic withdrawal of its application, AT&T's argument that Defendants' arbitration demands are premature under *South Austin Coalition Community Council v. SBC Communications Inc.*, 191 F.3d 842 (7th Cir. 1999), is no longer tenable.

AT&T's argument that the arbitrations would distract the company and its witnesses from their participation in the FCC proceedings is no longer tenable.

AT&T also argues that "a preliminary injunction would serve the public interest by ensuring that the thousands of affected third parties – including states – that have been participating in public proceedings before the FCC do not have their rights and interests decided in a private action in their absence, and without their consent." *See* Memorandum Of Law In Support of Plaintiff AT&T Mobility LLC's Motion For Preliminary Injunction at 34 (Dkt. No. 11). AT&T's strategic withdrawal of its application flies in the face of that argument, because *that withdrawal* denied the "thousands of affected third parties" the opportunity to have their rights and interests decided at the FCC. AT&T's public interest argument is no longer tenable.

For the foregoing reasons, as well as those set forth in the parties' prior briefing, AT&T's motion for preliminary injunction should be denied.

Dated:  November 30, 2011                    Respectfully submitted,

                                             BURSOR & FISHER, P.A.

                                             By:  _____
                                                        Scott A. Bursor

                                             Scott A. Bursor (SB1141)
                                             Joseph I. Marchese (JM1976)
                                             369 Lexington Ave, 10th Floor
                                             New York, NY 10017-6506
                                             Telephone: (212) 989-9113
                                             Facsimile: (212) 989-9163
                                             Email:  scott@bursor.com
                                                        jmarchese@bursor.com


                                             FARUQI & FARUQI LLP
                                             Nadeem Faruqi
                                             Antonio Vozzolo
                                             369 Lexington Ave, 10th Floor
                                             New York, NY 10017
                                             Telephone: (212) 983-9330
                                             Facsimile: (212) 441-2374
                                             Email:  nfaruqi@faruqilaw.com
                                                        avozzolo@faruqilaw.com

                                             *Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I, Scott A. Bursor, hereby certify that this notice and related documents were electronically filed and served on all counsel via the Court's ECF system.

                            _____/s/ Scott A. Bursor_____
                                       Scott A. Bursor