# EXHIBIT 1

Federal Communications Commission                                         DA 11-1955

Before the
**Federal Communications Commission**
Washington, D.C. 20554

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| Applications of AT&T Inc. and | )    WT Docket No. 11-65 |
| Deutsche Telekom AG | ) |
| | ) |
| For Consent To Assign or Transfer Control of | ) |
| Licenses and Authorizations | ) |

**ORDER**

**Adopted: November 29, 2011**                     **Released: November 29, 2011**

By the Chief, Wireless Telecommunications Bureau:

    1.    On March 20, 2011, AT&T Inc. and Deutsche Telekom AG (collectively, the "Applicants") announced an agreement whereby AT&T would acquire all of the stock of T-Mobile USA, Inc. ("T-Mobile") for the total consideration of $39 billion.[1]  On April 21, 2011, the Applicants filed applications, pursuant to Sections 214 and 310(d) of the Communications Act, as amended ("Communications Act" or "Act"),[2] seeking Commission consent to the transfer of control of the licenses and authorizations held by T-Mobile and its wholly-owned and controlled subsidiaries from Deutsche Telekom AG ("Deutsche Telekom") to AT&T Inc. ("AT&T").  On April 28, 2011, the Wireless Telecommunications Bureau ("Bureau") sought comment on the proposed transaction.[3]  In response, the Commission received more than 50 Petitions To Deny – including Petitions from businesses such as DISH Network, Sprint, C Spire, and Earthlink, as well as from public interest organizations such as Public Knowledge, Free Press, and the National Hispanic Media Coalition – and thousands of public comments.  The Applicants filed a Joint Opposition,[4] and many parties submitted Replies.

    2.    On November 22, 2011, the Bureau circulated for consideration by the Commission a draft order designating the proposed T-Mobile transaction for an administrative hearing, and that circulation was publicly announced.  The draft hearing designation order concluded, based on the staff's analysis, that the record overall does not support a finding that the proposed AT&T/T-Mobile merger would serve the public interest, convenience, and necessity and that the record presents a number of substantial and

---

[1] *See* Acquisition of T-Mobile USA, Inc. by AT&T Inc., Description of Transaction, Public Interest Showing and Related Demonstrations, filed April 21, 2011 at 16.

[2] 47 U.S.C. §§ 214(a), 310(d).

[3] AT&T Inc. and Deutsche Telekom AG Seek FCC Consent to the Transfer of Control of the Licenses and Authorizations Held by T-Mobile USA, Inc. and Its Subsidiaries to AT&T Inc., WT Docket No. 11-65, *Public Notice*, 26 FCC Rcd 6424 (2011).

[4] Joint Opposition of AT&T Inc., Deutsche Telekom AG, and T-Mobile USA, Inc. to Petitions To Deny or To Condition Consent and Reply to Comments, filed June 10, 2011 ("Joint Opposition").

Federal Communications Commission                                    DA 11-1955

material questions of fact.  Accompanying the draft order was a document entitled "Staff Analysis and Findings," which includes confidential and non-confidential information and details the Commission staff's evaluation of the arguments in the record.

3.  Based on its analysis of the Applicants' submissions, the Petitions To Deny, and the other comments and information received into the administrative record, the staff concludes that AT&T's proposed acquisition of T-Mobile raises serious concerns and the Applicants have failed to satisfy their burden of demonstrating that the transaction is in the public interest.  In the report, the staff finds that the transaction, which would result in the top two wireless providers having a market share of approximately 75 percent, would substantially lessen competition and its accompanying innovation, investment, and consumer price and service benefits, thus undermining key goals of the Communications Act.[5]  Indeed, the staff notes that the unprecedented increase in market concentration that would result from this merger triggers the Commission's screening tests for possible anticompetitive effects in a large number of local wireless markets.  Applying the widely accepted Herfindahl-Hirschman Index ("HHI") of market concentration,[6] for instance, 99 of the 100 largest local wireless markets – every Top 100 market except Omaha, Nebraska, where T-Mobile does not operate – would exceed the level at which the Commission becomes concerned about anticompetitive effects.

4.  In the report, the staff also explains that the economic and engineering models on which the Applicants rely to show consumer benefits are, in the staff's assessment, unreliable and, at a minimum, raise substantial and material questions of fact.  The staff additionally identifies internal AT&T documents and consistent historical practices that contradict AT&T's claim that merging with T-Mobile is essential for AT&T to build out its LTE network to 97 percent of Americans.  The staff finds the Applicants' assertions that the transaction would create jobs in the United States to be inconsistent with AT&T's internal analyses and record statements concerning cost reductions from the merger.  The staff also finds that there are serious questions whether the merger of AT&T and T-Mobile would cause other public harms that are not offset by the claimed benefits.

5.  On November 23, 2011, the Applicants filed a letter stating that they "withdraw, effective immediately, all of the pending applications in this docket, as listed in the Public Notice released by the Commission on April 28, 2011."[7]  In a press release issued the following day, AT&T indicated that it was aware that the Bureau had circulated a draft order that would designate the proposed transaction for a hearing and that AT&T was withdrawing its applications "to facilitate the consideration of all options at the FCC."  This would include re-filing the same applications it was seeking to withdraw without prejudice.

---

[5] *See, e.g.,* 47 U.S.C. § 151 (establishing objective of "a rapid, efficient, Nation-wide, and world-wide wire and radio communication service with adequate facilities at reasonable charges").

[6] The HHI is the sum of the squares of the market shares (expressed as whole numbers) of each firm participating in the market.

[7] *See* Letter from Patrick J. Grant, Arnold & Porter LLP and Nancy J. Victory, Wiley Rein LLP, to Marlene H. Dortch, Secretary, FCC (Nov. 23, 2011) and Letter from Patrick J. Grant, Arnold & Porter LLP and Nancy J. Victory, Wiley Rein LLP, to Marlene H. Dortch, Secretary, FCC (Nov. 25, 2011) (relating to File Nos. 6013CWSL11, 6014CWSL11, 6015ALS11, and 6016CWSL11 filed manually).  *See also* "AT&T and Deutsche Telekom Continue to Pursue Sale of DT's U.S. Wireless Assets" (Nov. 24, 2011) (*available at* http://mobilizeeverything.com/news/att-and-deutsche-telekom-continue-to-pursue-sale-of-dts-u.s.-wireless-asset) (last visited Nov. 29, 2011); "Statement from Wayne Watts, AT&T Senior Executive VP and General Counsel" (*available at* http://mobilizeeverything.com/news/statement-from-wayne-watts-att-senior-executive-vp-and-general-counsel) (last visited Nov. 29, 2011).

6.   On November 28, 2011, Public Knowledge and the Media Access Project filed an Opposition to the Applicants' request to withdraw the Applications,[8] and DISH Network made an *ex parte* presentation arguing that the Commission should vote on and release the circulated order, even if it granted AT&T's motion to withdraw the applications.[9]

7.   *Discussion.*  We hereby grant the Applicants' request to withdraw their applications without prejudice and append to this Order a redacted Staff Analysis and Findings, described above.

8.   We are releasing the final Staff Analysis and Findings in conjunction with the dismissal of AT&T's and Deutsche Telekom's applications for several reasons.  First, dismissal of the applications without prejudice without also releasing the completed underlying staff analysis would be unfair to the parties and participants – including many businesses, public interest organizations, and concerned citizens – who have invested significant time and resources to participate in this proceeding initiated by AT&T and Deutsche Telekom many months ago.  Second, unlike past withdrawals where the transaction has been simultaneously abandoned, in this instance the staff's work remains highly relevant.  The Applicants have indicated that they still intend to pursue the proposed transaction, including, "[a]s soon as practical, ... to seek the necessary FCC approval."[10]  Third, releasing the staff report furthers transparency.  The alternative would be to withhold the report and effectively suppress the document, which had been prepared specifically for public release prior to the Applicants' filing to withdraw their applications.

9.   In view of the Applicants' stated plan to continue to pursue this transaction and to seek Commission approval, we find that it best serves the public interest to keep our public docket open.  Further, while we dismiss the Petitions To Deny these Applications, we would permit Petitioners to reinstate their Petitions To Deny, if they remain relevant, should AT&T and Deutsche Telekom AG file revised applications that begin a subsequent review process.

10.   ACCORDINGLY, pursuant to the authority contained in Sections 4(i), (j),  and 309 of the Communications Act of 1934, as amended, 47 U.S.C. §§ 154(i), (j), 309, and section 1.934 of the Commission's rules, 47 C.F.R. § 1.934, IT IS ORDERED THAT application file nos. 0004669383, 0004673673, 0004673727, 0004673730, 0004673732, 0004673735, 0004673737, 0004673739, 0004675960, 0004703157, 6013CWSL11, 6014CWSL11, 6015ALSL11, 6016CWSL11, and 0004698766 are hereby dismissed without prejudice; and

11.   IT IS FURTHER ORDERED THAT, pursuant to the authority contained in Sections 4(i), (j), and 309 of the Communications Act of 1934, as amended, 47 U.S.C. §§ 154(i), (j), 309, the Petitions To Deny filed in this proceeding are dismissed subject to possible reinstatement as described above; and

12.   IT IS FURTHER ORDERED THAT, pursuant to the authority contained in Sections 4(i), (j), and 309 of the Communications Act of 1934, as amended, 47 U.S.C. §§ 154(i), (j), 309, WT Docket No. 11-65 shall remain open.

---

[8] *See* Opposition to Motion to Withdraw of Public Knowledge and Media Access Project, WT Docket 11-65 (Nov. 28, 2011).

[9] Letter from Jeffrey H. Blum, Deputy General Counsel, DISH Network, to Marlene H. Dortch, Secretary, FCC (Nov. 28, 2011).

[10] "AT&T and Deutsche Telekom Continue to Pursue Sale of DT's U.S. Wireless Assets," (November 24, 2011) (*available at* http://mobilizeeverything.com/news/att-and-deutsche-telekom-continue-to-pursue-sale-of-dts-u.s.-wireless-asset and http://www.telekom.com/dtag/cms/content/dt/en/1106028) (last visited Nov. 29, 2011).

Case 2:11-cv-03907-SJF-AKT   Document 50-1   Filed 11/30/11   Page 5 of 5 PageID #: 6439

13.  These actions are taken under delegated authority pursuant to sections 0.131 and 0.331 of the Commission's Rules, 47 C.F.R. §§ 0.131, 0.331.

FEDERAL COMMUNICATIONS COMMISSION

Rick Kaplan
Chief, Wireless Telecommunications Bureau